**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL L. ROBERTS,**

    **Petitioner,**

    v.

**NORM ROBINSON, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**CASE NO. 2:12-CV-00371
JUDGE WATSON
MAGISTRATE JUDGE KING**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petitions*, Doc. Nos. 3, 7, Respondent's *Motion to Dismiss,* Doc. No. 15, Petitioner's *Motion to Strike*, Doc. No. 27, Petitioner's *Traverse,* Doc. No. 28, Petitioner's *Notice of Affidavit and Declaration of Rights,* Doc. No. 30, which the Court accepts and construes as a memorandum in support of Petitioner's claims,[1] Petitioner's various motions, Doc. Nos. 20, 26, 27, 32, and Respondent's responses to certain of those motions, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* Doc. No. 15, be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion to Strike, Motion for an Order Requiring Respondent to Supplement the Record, Motion for Stipulation of Timely Mailing,* and *Motion for Production of Documents*, Doc. Nos. 20, 26, 27, 32, are for the reasons that follow **DENIED**.

---

[1] Respondent opposes Petitioner's filing. See Doc. No. 31.

1

**FACTS and PROCEDURAL HISTORY**

Petitioner's underlying robbery conviction in the Franklin County Court of Common Pleas is the result of his January 30, 2008, guilty plea. *Exhibits 1, 2 to Motion to Dismiss*. The trial court imposed a five year term of community control. *Exhibits 3, 4, 5 to Motion to Dismiss*. Petitioner did not file an appeal.

On December 2, 2008, Petitioner appeared before the trial court for a probation revocation hearing. The trial court denied the request to revoke Petitioner's probation. *Exhibits 6, 7 to Motion to Dismiss*. On March 24, 2009, Petitioner again appeared before the trial court for a probation revocation hearing. The trial court found that Petitioner had violated the terms of his probation but denied the request to revoke Petitioner's probation and decreased the term of Petitioner's probation to two years. *Exhibits 8, 9, to Motion to Dismiss*. Upon the probation officer's third request to revoke Petitioner's probation, *see Exhibit 10 to Motion to Dismiss*, on July 31, 2009, the trial court found that Petitioner had violated the terms of his community control and imposed a term of five years incarceration. *Exhibit 11 to Motion to Dismiss*. Represented by the Franklin County Public Defender, Petitioner filed a timely appeal of this decision, alleging that the record lacked sufficient evidence to warrant revocation of his probation. *Exhibits 12, 13 to Motion to Dismiss*. In addition, Petitioner filed a *pro se* request to allege that the trial court lacked subject matter jurisdiction, that his guilty plea was not knowing, intelligent or voluntary because the trial court failed to properly advise him, that he did not waive his right to a preliminary hearing, that the trial court improperly imposed community control without a presentence investigation report, that he was denied due process at the July

2009 probation revocation hearing, and that he was denied jail time credit to which he was entitled. *See Exhibits 15, 16 to Motion to Dismiss.* On March 30, 2010, the appellate court affirmed the trial court's judgment. Petitioner did not file an appeal to the Ohio Supreme Court.

On June 23, 2010, proceeding *pro se*, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), asserting that he had been denied the effective assistance of appellate counsel because his attorney failed to raise on appeal those claims presented by Petitioner in his *pro se* supplemental brief. *Exhibit 18 to Motion to Dismiss.* On March 11, 2011, the appellate court denied Petitioner's Rule 26(B) application. *Exhibit 20 to Motion to Dismiss.*

On January 14, 2010, and while the appeal of his probation revocation was pending, Petitioner filed a motion to vacate sentence in the state trial court, arguing that the trial court had erred in imposing community control without ordering a presentence investigation report. *Exhibit 21 to Motion to Dismiss.* On February 25, 2010, the trial court denied Petitioner's motion. *Exhibit 24 to Motion to Dismiss*. On September 14, 2010, the appellate court affirmed the trial court's judgment in that regard. *Exhibit 29 to Motion to Dismiss*. On October 28, 2010, the appellate court denied Petitioner's motion for reconsideration. *Exhibit 41 to Motion to Dismiss*. On December 30, 2010, the appellate court denied Petitioner's second motion for reconsideration. *Exhibit 45 to Motion to Dismiss.* On February 2, 2011, the Ohio Supreme Court denied leave to appeal and dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question. *Exhibit 33 to Motion to Dismiss*.

On December 13, 2010, Petitioner also filed a motion to vacate judgment in the trial court, again arguing that the state trial court lacked jurisdiction to impose community control

because it failed to order a presentence investigation report prior to imposing sentence. The trial court construed this motion as a petition for post conviction relief, and, on September 13, 2011, denied Petitioner's motion. *Exhibit 50 to Motion to Dismiss*. Petitioner timely appealed. *Exhibits 53, 54 to Motion to Dismiss*. On May 17, 2012, the appellate court affirmed the judgment of the trial court, concluding that Petitioner's claims were barred under Ohio's doctrine of *res judicata. Exhibit 57 to Motion to Dismiss*.

On April 30, 2012, Petitioner filed his *pro se Petition* pursuant to 28 U.S.C. § 2254. He asserts that the trial court lacked jurisdiction to impose community control because it failed to first order a presentence investigation report, thus rendering his sentence void (claims one and two);[2] that his January 30, 2008, guilty plea was not knowing, intelligent and voluntary (claim three); and that the trial court violated due process by imposing a void judgment (claim four).[i] It is the position of the Respondent that this action should be dismissed without prejudice as unexhausted or, alternatively, that Petitioner's claims are not cognizable in these proceedings or are procedurally defaulted.

## MOTION FOR STIPULATION OF TIMELY MAILING

Petitioner requests a "stipulation" of the timely filing of his *Traverse*, which was filed on October 18, 2012. Doc. No. 28. The Court accepts the filing of Petitioner's *Traverse* and the Court will consider that filing. Petitioner's *Motion for Stipulation of Timely Mailing*, Doc. 26, is therefore **DENIED**, as moot.

---

[2] In claim two, Petitioner also argues that the state courts denied him a fair review of this claim by denying his attempts to obtain relief.

**MOTION TO STRIKE**

Petitioner has filed a *Motion to Strike* Respondent's *Motion to Dismiss, see* Doc. No. 27, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, arguing that Respondent improperly filed that motion rather than a return of writ, and that, in any event, the motion fails to satisfy the standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner's arguments are not persuasive.

A federal district court has discretion to accept a motion to dismiss prior to the filing of an answer to the petition. *See Bentley v. Howes*, No. 2:09-cv-10106, 2009 WL 2849527, at *1 (E.D. Mich. Aug. 31, 2009)(citations omitted). Moreover, Respondent's contention, made in the motion to dismiss, that this action must be dismissed because Petitioner failed to exhaust state court constitutes a reasonable response to the *Petition.* Petitioner's *Motion to Strike,* Doc. No. 27, is therefore **DENIED.**

**MOTIONS FOR SUPPLEMENTATION OF RECORD**

Petitioner has filed a motion requesting the Court to order Respondent to supplement the record with a state habeas corpus petition that Petitioner filed in the Ohio Court of Appeals, the denial of which he appealed to the Ohio Supreme Court. Doc. No. 20. Petitioner also seeks all documents associated with this filing. *Id.* Petitioner contends that review of these documents is necessary to establish exhaustion of his claims and to show that this action is properly filed. According to Petitioner, his state habeas corpus petition tolled the running of the statute of limitations during the time that it was pending. Respondent opposes Petitioner's request, arguing that Petitioner's state habeas corpus petition did not toll the running of the statute of limitations

in view of the Ohio Supreme Court decision dismissing the habeas corpus petition as not properly filed.

The Ohio Supreme Court stated:

> We affirm the judgment of the court of appeals dismissing the petition of appellant, Michael Roberts, for a writ of habeas corpus. Roberts's claim of sentencing error is not cognizable in habeas corpus, and he had an adequate remedy in the ordinary course of law to raise the issue. *Turner v. Brunsman*, 123 Ohio St.3d 445, 2009-Ohio-5588, 917 N.E.2d 269. Roberts has already unsuccessfully raised his claim that the trial court erred in sentencing him without ordering a presentence-investigation report in a motion to vacate his sentence and in an appeal from the court's denial of his motion. *See State v. Roberts*, Franklin App. No. 10AP–223, 2010-Ohio-4324, 2010 WL 3554309. Res judicata bars him from using habeas corpus to obtain a successive appellate review. *Shie v. Smith*, 123 Ohio St.3d 89, 2009-Ohio-4079, 914 N.E.2d 369, ¶ 2. We further deny Roberts's motions for correction or modification of the record and to take judicial notice.

*Roberts v. Knab*, 131 Ohio St.3d 60 (2012).

In response, Petitioner maintains that he presented a federal claim in his state habeas corpus petition challenging the jurisdiction of the trial court to impose sentence without first obtaining a presentence investigation report; he contends that review of the documents he requests will establish that the Ohio Supreme Court improperly concluded that the claim was not cognizable in habeas corpus proceedings. *Petitioner's Reply to Opposition*, Doc. No. 23.

Petitioner has also filed a *Motion for Production of Documents*, in which he asks that Respondent be directed to supplement the record with a copy of the trial court's order for a presentence investigation report, the interviewing documents for the presentence investigation report, and the report itself. Doc. No. 32.

Respondent opposes this request, arguing that no additional documents are required for resolution of this action. *Respondent's Opposition*, Doc. No. 33.

To the extent that Petitioner argues that the documents are necessary to establish exhaustion, this Court agrees with Respondent that the documents are not necessary. As discussed *infra*, this Court concludes that it is Petitioner's claim that his guilty plea was not voluntary that is unexhausted. The requested documents, which relate to an entirely different claim, are simply irrelevant to that issue. Further, this Court is bound by the state court's interpretation of its own state habeas corpus rules, *see Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988), and the record reflects, as indicated by the Ohio Supreme Court, that Petitioner had already obtained review of the merits of this claim in post conviction proceedings. *See State v. Roberts*, No. 10AP-223, 2010 WL 3554309, at *1-2 (Ohio App. 10th Dist. Sept. 14, 2010)(rejecting this claim and finding that the trial court did in fact obtain a presentence investigation report prior to imposing sentence).

Petitioner's *Motion for an Order Requiring Respondent to Supplement the Record,* and *Motion for Production of Documents,* Doc. Nos. 20. 32, are **DENIED**.

## EXHAUSTION

Respondent argues that this action must be dismissed because claim three remains unexhausted. Respondent specifically argues that Petitioner still may pursue a motion for delayed appeal in the state appellate court on his claim that his guilty plea was not knowing, intelligent or voluntary because the trial court failed to advise him of the ramifications of post release control.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Ordinarily, a habeas corpus case that presents even one unexhausted claim must be dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982). Such a dismissal is without prejudice to the refilling of the action once all claims have been exhausted. However, recognizing that the statute of limitations may preclude such re-filing, the United States Supreme Court has held that a federal court may stay an action presenting both exhausted and unexhausted claims for relief pending exhaustion of all claims if the petitioner can establish both good cause for failing to exhaust and a potentially meritorious claim. *Rhines v. Weber*, 544 U.S. 269 (2005). Such are not the circumstances here.

Petitioner asserts in claim three that his January 30, 2008, guilty plea was not knowing, intelligent or voluntary. Petitioner never properly presented this claim to the Ohio courts. Although he challenged the state trial court's sentence upon revocation of probation on this basis, Petitioner never challenged the trial court's initial imposition of probation on this ground. Petitioner may still pursue a motion for delayed appeal of this claim pursuant to Ohio Appellate Rule 5(A), which provides:

> (A) Motion by defendant for delayed appeal.

>(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
>>(a) Criminal Proceedings;
>>(b) Delinquency proceedings; and
>>(c) Serious youthful offender proceedings
>
>(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

Thus, this action is not fully exhausted.

Petitioner argues that he properly presented claim three to the state courts by filing "judicial notices." He appears to complain that the state courts failed to "rule" on these filings. *See Petition,* Doc. No. 3, *PAGEID* 98-99; *Traverse,* Doc. No. 28. A claim that a guilty plea was not knowing, intelligent or voluntary, however, is not properly raised by filing a "judicial notice" and Petitioner has not established that such filings alerted the state courts to the claim.

Additionally, Petitioner has not established good cause for his failure to pursue, to date, a motion for delayed appeal in the Ohio courts. In any event, Petitioner has not established a potentially meritorious claim in this regard, because it does not appear that Petitioner had an adequate reason for his failure to file a timely appeal. *See* Ohio R. App. P. 5(A)(2). *See Rhines v. Weber*, 544 U.S. at 269 (a claim that is likely barred from state court review is not potentially meritorious). *See also Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) ("[W]hen a petitioner is 'procedurally barred from raising [his] claims in state court,' his 'unexhausted claims are 'plainly

meritless.' ")(citing *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005); *Sieng v. Wolfe*, No. 2:08-cv-044, 2009 WL 1607769, *7 (S.D. Ohio Jun. 9, 2009); *Bailey v. Eberlin*, No. 2:08-cv-839, 2009 WL 1585006, *7 (S.D. Ohio Jun. 4, 2009).

In short, claim three is unexhausted and Petitioner has failed to establish that a stay of the action pending exhaustion of the claim is warranted.

## STATUTE OF LIMITATIONS

Alternatively, the record establishes that consideration of the merits of habeas corpus claim three is barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). That statute imposes a one-year limitation period on the filing of federal habeas corpus petitions under 28 U.S.C. § 2254:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the judgment based on Petitioner's guilty plea became final on February 29, 2008, *i.e.,* thirty days after the January 30, 2008, *Judgment Entry, see Exhibit 3 to Motion to Dismiss*, when the time for filing a timely appeal to the state appellate court expired. *See* Ohio R. App. P. 4(A); *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 459–60 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, ––– U.S. –––, 132 S.Ct. 641 (2012) (judgment of conviction final at the expiration of time for pursuing direct review in the state court)). The statute of limitations expired one year later, on February 29, 2009. However, Petitioner waited approximately three more years, until April 20, 2012, to file this habeas corpus petition. None of Petitioner's state court filings challenging his subsequent probation revocation tolled the running of the statute of limitations as it relates to his guilty plea. Moreover, Petitioner has failed to allege any extraordinary circumstances beyond his control that would justify the equitable tolling of the statute of limitations. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir.2011) (citing *Holland v. Florida*, ––– U.S. –––, 130 S.Ct. 2549, 2560 (2010) (equitable tolling requires that a petitioner establish diligence in pursuing his rights and that some extraordinary circumstance prevented him from timely filing).

The Magistrate Judge therefore **RECOMMENDS** dismissal of claim three as unexhausted and time-barred.

## STATE LAW CLAIMS

The remainder of Petitioner's claims fail to present issues appropriate for federal habeas corpus relief. In habeas corpus claims one, two and four, Petitioner challenges the constitutionality of the trial court's July 2009 revocation of his probation and imposition of a sentence of five years incarceration. Although Petitioner attempts to couch these claims in terms of a violation of due process (or of separation of powers), *see Traverse*, these claims are actually based on Petitioner's contention that the sentence was invalid under Ohio law because the state trial court did not first obtain a presentence investigation report. Petitioner's lengthy protestations to the contrary notwithstanding, this claim simply fails to present an issue of federal constitutional magnitude. Petitioner has not referred to, and this Court is not aware of, any cases indicating that a criminal sentence is invalid under the United States Constitution if the sentencing court fails to first obtain a presentence investigation report and advise the defendant of the ramifications of post release control. Petitioner's arguments in support of these claims concern the alleged violation of state, not federal, law.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d at 614. "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*,

758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). The Court is not persuaded that such are the circumstances here.

In short, the Court concludes that claims one, two and four fail to provide a basis for federal habeas corpus relief.

Accordingly, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* Doc. No. 15, be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion to Strike, Motion for an Order Requiring Respondent to Supplement the Record, Motion for Stipulation of Timely Mailing*, and *Motion for Production of Documents,* Doc. Nos. 20, 26, 27, 32, are **DENIED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties specifically are advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


December 27, 2012

    s/ Norah McCann King
Norah McCann King
United States Magistrate Judge